IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANGIE CUBIE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-1186-CV-W-HFS |
| | ) | |
| STAPLES CONTRACT & COMMERCIAL | ) | |
| INC., TYLER ROWE, JEFF CLARK, and | ) | |
| KELLY SLUSHER-MOTLEY | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Presently pending before the court is plaintiff's motion to remand based on lack of subject matter jurisdiction. Plaintiff commenced this action in the Circuit Court of Jackson County, Missouri, alleging employment discrimination in violation of the Missouri Human Rights Act, specifically race and disability discrimination, and retaliation. These claims were asserted against her employer Staples Contract & Commercial, Inc. "Staples", and employees Kelly Slusher-Motley "Motley", Tyler Rowe "Rowe" and Jeff Clark "Clark." According to plaintiff, Motley was employed as a Human Resources Manager with Staples, and both Rowe and Clark were her supervisors. (Petition: ¶¶ 13-15).

On September 19, 2012, defendants removed the action to this court on the basis of diversity jurisdiction under 28 U.S.C. §1332.[1] Defendants claimed that complete diversity

---

[1] Removal was filed by Staples and joined by Motley and Rowe; although Motley had not yet been served. (Notice of Removal: ¶¶ 2-4). Defendant Clark was not served and did not join in removal. (Id: ¶ 5).

existed, notwithstanding the inclusion of Rowe, who according to defendants was fraudulently joined to defeat diversity.

Discussion

Federal courts are courts of limited jurisdiction in that they possess only that power authorized by the Constitution and statute. Jameson v. Gough, 2010 WL 716107 *1 (E.D.Mo.). The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. Id; see also, Hayes v. Travelers Indemnity Company, 2012 WL 5285775 *2 (E.D.Mo.); citing, 28 U.S.C. § 1441(b). The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction, and all doubts about federal jurisdiction must be resolved in favor of remand. Id.

A claim may be removed only if it could have originally been brought in federal court. Id, at *2. When removal, as here, is based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, complete diversity of citizenship between the plaintiffs and defendants must exist, and the amount in controversy must exceed the sum or value of $75,000. Id. Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction. Hayes, at *2.

Fraudulent joinder is an exception to the complete diversity of citizenship rule, and a court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat diversity. Id. The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court. Id.

However, where a defendant's potential liability under state law is unclear, a court deciding whether the defendant was fraudulently joined has no responsibility to definitively settle the

ambiguous question of state law; rather, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but to simply remand the case and leave the question for the state courts to decide. Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003); see also, Arens v. O'Reilly Automotive, Inc., 874 F,Supp.2d 805 (D.Minn. 2012).

Defendants argue that plaintiff makes only a vague reference to Rowe as her supervisor and fails to allege any specific misconduct on his part. (Notice of Removal: ¶ 23). Defendants state that Rowe played no part in consideration of plaintiff's accommodation request, but rather, Motley, as manager of Human Relations, engaged in the ADA's interactive process with plaintiff. (Id: ¶ 24). Defendants also state that Rowe did not have a role in the decision to terminate plaintiff's employment. (Id: ¶¶ 24-25). In support of their argument, defendants have submitted declarations from Motley and Rowe attesting that Rowe had no part on the question of accommodation or termination as it pertained to plaintiff.

Plaintiff alleges that Rowe was her supervisor, and that, upon information and belief, he and the other defendants were involved in and/or contributed to the decision to terminate her employment. (Petition: ¶¶ 14, 34). Prior to commencing suit, plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights and named Rowe in the filing. (Petition: Exh. 1). Plaintiff has also submitted a declaration in which she avers that on April 28, 2011, the supervisor-on-duty, Charmaine Wheeler, advised her that after speaking with Rowe concerning plaintiff's inability to perform work while standing Rowe either could not or would not accommodate her. (Plaintiff's Declaration: ¶¶ 6-9). Ms. Wheeler then directed plaintiff to go home. (Id: ¶ 10). In reliance on McNeil v. Metro, 748 F.Supp.2d 1047 (E.D.Mo. 2010), defendants oppose consideration of this evidence as inadmissible hearsay. Instead, defendants contend that consideration of their evidence presented outside the pleadings, i.e. the Motley and Rowe

Declarations, is sufficient to find that Rowe was fraudulently joined.

Defendants' argument is not persuasive, for the court review in McNeil involved summary judgment where the court held that affidavits consisting of hearsay statements offered as direct evidence to prove the truth of the matter asserted may not be used to defeat a summary judgment motion. Id, at 1054. In considering a motion to remand an action that was removed allegedly pursuant to the doctrine of fraudulent joinder, the court may take a limited look at evidence outside the pleadings to consider factual and legal materials beyond allegations of the complaint, but only to determine if there is any factual support for the plaintiff's claims against nondiverse defendants. Workers' Compensation Reinsurance Ass'n v. Wells Fargo Bank, N.A., 2009 WL 3248351 * 3-4 (D.Minn.). In a fraudulent joinder analysis, the burden is on the defendant to prove by clear and convincing evidence that joinder was fraudulent, and the burden is a heavy one; whereas plaintiff need only provide a complaint sufficiently alleging that, in his supervisory capacity, Rowe played a role in the claims alleged. Hayes, 2012 WL 5285775, at *4.[2]

Defendants do not dispute that in his role as plaintiff's supervisor Rowe is therefore an "employer" for purposes of the MHRA. Instead they argue that plaintiff has failed to identify an example of Rowe's participation in any action regarding plaintiff's race or "alleged disability." In her declaration plaintiff states that Rowe was her supervisor and was directly involved in incidents regarding her accommodation request and ultimate termination. The question before this court is not whether liability *will* attach, but rather whether there is arguably a reasonable basis for predicting that state law *might* impose liability based upon the facts involved. Hayes, at *4.[3] On

---

[2]Where the plaintiff alleged that Haumesser had an active role in his termination, and defendants opposed the remand motion and challenged the facts of Haumesser's involvement, the court must resolve the facts alleged in the plaintiff's favor. Id.

[3]See also, Eason v. Lincare, Inc., 2011 WL 1197635 *2-3 (W.D.Mo.) (Although the complaint alleged that Hutton was a team leader and plaintiff could have alleged Hutton's

the facts alleged, plaintiff may have a claim against Rowe under the MHRA.

Defendants mistakenly treat the test as being whether hearsay that would not save the case from summary judgment is inadequate to support a good faith ruling on joinder. The nearest analogy is not Rule 56 practice but rather Rule 11 practice. Frivolous joinder allows an inference of bad faith. <u>Commercial Sav. Bank v. Commercial Fed. Bank</u>, 939 F.Supp. 674, 680 (N.D.Iowa 1996). "(A)n affidavit that identifies the sources of the information relied upon can show a reasonable factual basis for a complaint <u>even if the plaintiff does not yet have admissible evidence</u> ... " <u>Worldwide Battery Company, LLC v. Johnson Controls, Inc.</u>, 2006 WL 3201915 *3 (S.D.Ind.). This has been referred to as sound "glimmer of hope" practice, which defeats claims of fraudulent joinder. <u>Gonzalez v. J.S. Paluch Company, Inc.</u>, 2013 WL 100210 *4 (C.D.Cal.); <u>Hartley v. CSX Transportation, Inc.</u>, 187 F.3d 422, 426 (4th Cir. 1999). As Justice Holmes wrote a century ago, a "colorable ground" for joinder suffices. <u>Chicago, Rock Island & Pac. Ry. V. Schwyhart</u>, 227 U.S. 184, 194 (1913). Having been told by a supervisor that defendant Rowe had made an accommodation decision before, plaintiff had and has a good faith hope that conclusory denials about later company actions can be overcome - - even if the possibility may seem dim, and even if joinder may have been somewhat motivated by a preference for State court.

Accordingly, it is hereby

---

supervisory duties in more detail, there is a reasonable basis in fact and law to support a claim against Hutton because she may well be a supervisory employee and thus an "employer" subject to individual liability under the MHRA).

ORDERED that plaintiff's motion to remand (ECF doc. 8) is GRANTED. The clerk of the court is directed to REMAND the above referenced case to the Circuit Court of Jackson County, Missouri no earlier than April 22, 2013. It is further

ORDERED that the joint motion for protective order (ECF doc. 15) is DENIED as moot.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

April 1, 2013

Kansas City, Missouri